STOEL E. DEAN *vs.* HENRY COLT & others, executors.

Under the mill act, Gen. Sts. *c.* 149, the proprietor of a mill on a stream may raise his dam so as to use all the unappropriated water power, even if he thereby causes water of his pond to flow into the raceway of a mill higher on the stream.

If the proprietor of a mill on a stream, who has lowered his wheel-pit so that by lowering the wheel he might use unappropriated water power, continues to use his wheel as before, and shows no intention to lower it, the proprietor of a mill lower on the stream may appropriate such power, provided that he does not injure the upper mill as it exists; and is not estopped by the fact that the proprietor of the upper mill holds under him by deed of warranty.

TORT for the obstruction of the machinery of the plaintiff's mill on the Hoosac River, in Adams, by water raised by a dam built by the defendants' testator, William Pollock, lower on the stream. At the trial in the superior court, before *Rockwell, J.,* the jury returned a verdict for the plaintiff, and assessed damages in the sum of $4350; and the defendants alleged exceptions. The case is stated in the opinion.

*H. L. Dawes & T. P. Pingree,* for the defendants.

*I. Sumner & M. Wilcox,* for the plaintiff.

CHAPMAN, C. J. This action was originally brought against William Pollock, the defendants' testator. The plaintiff alleges that he is the owner of a manufacturing establishment situated on a branch of the Hoosac River, and that the defendant has erected a dam across the stream a short distance below, whereby he has caused the water to flow back and obstruct the plaintiff's

wheels and machinery, from August 31, 1863, to March 30, 1865. It appeared that the plaintiff's establishment was for-merly owned by Pollock, the testator, and one Hathaway; that they conveyed it to one Stevens February 13, 1847; and that through a mesne conveyance the property came to the plaintiff April 23, 1849. Pollock owned a factory on the stream below the plaintiff's factory and dam at the time of the conveyance to Stevens, and the evidence tended to show that his dam was not high enough to use all the power that existed in the stream be-low the plaintiff's wheel, and that he afterwards raised his dam for the purpose of using this power. In 1853 the plaintiff put in a new wheel of larger dimensions than his old one, and con-structed a deeper wheel-pit than the old one, but did not lower the bottom of his wheel. In this condition of things the water set back by Pollock's dam did not obstruct his wheel. In 1858 he lowered his new wheel several inches nearer to the bottom of his wheel-pit; and since that time the back water has ob-structed it.

The defendants contend that Pollock had a right to raise his dam so high that he could use all the unappropriated power of the stream, even to the extent of setting back the water into the plaintiff's raceway, provided it did not obstruct the plaintiff's wheel or otherwise injure his mill; and that, if the plaintiff is otherwise injured by the flowing, his only remedy is under the statute for the support and regulation of mills, Gen. Sts. *c.* 149; and this position is too well established to admit a doubt. *Knapp* v. *Douglas Axe Co.* 13 Allen, 1.

The time when Pollock raised his dam is not material, pro-vided it was done before the plaintiff appropriated the power to his own use. Such an appropriation would not be made by merely lowering his wheel-pit, unless he did it as the commence-ment of an occupation of the power. The way in which he fixed his new wheel and kept it till 1858 negatives any present intent to occupy the power. Thus he left it to be taken and used by the proprietor below him. Nor is the fact material that the plaintiff holds his mill under a conveyance from Pollock. A deed of land through which a stream runs, though it contain

the usual covenants of warranty, does not estop the grantor from subsequently erecting a dam below the land and thereby flowing it under the protection of the mill act, in the same manner as if the proprietor had derived his title from some other source.

*Exceptions sustained.*